IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>CHASE RYAN STORLIE,<br><br>Defendant/Movant. | Cause No. CR 17-07-H-DLC<br>CV 19-06-H-DLC<br><br>ORDER DISMISSING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case came before the Court on Defendant Storlie's motion to vacate, set aside, or correct the sentence, pursuant to 28 U.S.C. § 2255. Storlie is a federal prisoner proceeding pro se.

## I. Background

On August 28, 2017, Storlie pled guilty to conspiring to distribute and possess with intent to distribute a substance containing 500 or more grams of methamphetamine, a violation of 21 U.S.C. §§ 846 and 841(a)(1). *See* Superseding Indictment (Doc. 88) at 1–2; Minutes (Doc. 189); Change of Plea Tr. (Doc. 264).

At sentencing, United States District Judge Sam Haddon found Storlie responsible for 120 pounds of methamphetamine. Storlie also received enhancements for possession of firearms and for obstructing justice by absconding

from pretrial supervision and attempting to flee when he was eventually located. The total offense level was 40. *See* Presentence Report ¶¶ 69–78; *see also* Statement of Reasons (Doc. 240) at 1 § 1(A). With a criminal history category of III, the advisory guideline range was 360 months to life in prison. *See id*. ¶¶ 86, 124; Statement of Reasons at 1 § III.

On January 3, 2018, Judge Haddon sentenced Storlie to serve 360 months in prison, to be followed by five years' supervised release. *See* Judgment (Doc. 239) at 1–2.

On December 28, 2018, Storlie timely filed his motion under 28 U.S.C. § 2255. *See* Mot. § 2255 (Doc. 256) at 14; *Houston v. Lack*, 487 U.S. 266, 270–71 (1988); 28 U.S.C. § 2255(f)(1).

On August 16, 2019, the Court ordered the United States to respond to part of Storlie's § 2255 motion by filing trial counsel's case file under seal. It was also required to serve on Storlie copies of the file and the transcripts of his change of plea and sentencing hearings. *See* Order (Doc. 261). Storlie was permitted to "file any response he wishes to make to counsel's case file." *Id.* at 4 ¶ 3. He was also required to explain some of his allegations in greater detail, *see* Order at 3 ¶ 2, but a specific deadline for his response was omitted.

Storlie's service copy of the August 16 Order was mailed to FCI Sheridan, Oregon. It was returned to the Court on August 26, 2019, and remailed to Storlie

at FCI Mendota on the same day.  On that occasion, the order was not returned to the Court.  Storlie did not respond to the order.  On September 2, 2019, however, he filed a notice of change of address from Sheridan to Mendota.  *See* Notice (Doc. 270).

The record shows the United States served the transcripts on Storlie at FCI Mendota on August 23, 2019.  *See* Notice (Doc. 267).  It filed and served counsel's file on Storlie on September 6, 2019, also at Mendota.  *See* Notice (Doc. 274).  Storlie did not respond to either of these submissions.

Noting the previous lack of a specific deadline for Storlie's response, the Court issued another order setting a deadline for December 9, 2019.  *See* Order (Doc. 275).  Storlie did not respond to the order.

On March 23, 2020, the Court ordered Storlie to show cause why his § 2255 motion should not be dismissed for failure to prosecute.  *See* Order (Doc. 276).  Storlie did not respond to the Order.

## II.  Dismissal for Failure to Prosecute

The Federal Rules of Civil Procedure apply to a motion under 28 U.S.C. § 2255 to the extent they are not inconsistent with the Rules Governing Section 2255 Proceedings or other applicable law.  *See* Rule 12, Section 2255 Rules; *Mayle v. Felix*, 545 U.S. 644, 654 (2005). Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action.  The

Court may dismiss a case on its own motion without awaiting a defense motion. *See, e.g., Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

When considering dismissal, a court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants or respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

### 1. Expeditious Resolution

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990). Litigants who abandon their claims disrupt the Court's handling of other matters by consuming time and resources needed by litigants who do follow the Court's orders. This factor weighs in favor of dismissal.

### 2. Docket Management

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 990). The current

situation is not merely one of delay. Storlie has abandoned his motion. It is not possible to proceed without his participation in the case. This factor weighs in favor of dismissal.

### 3. Prejudice to Defendants

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

Arguably, Storlie's silence suggests he believes trial counsel's file and the transcripts of the change of plea and sentencing hearings demonstrate his claims lack merit. If that is so, then the United States has suffered no prejudice. But busy prosecutors and defense counsel find it more difficult to remember previous cases as they continue to litigate new ones. Inaction on Storlie's part jeopardizes the United States' opportunity to discover facts supporting its view of the case. The prejudice factor weighs in favor of dismissal.

### 4. Alternatives

One alternative is to require the United States to file an answer to all of Storlie's claims. But requiring the prosecution to assume the burden of responding to a defendant who apparently has abandoned his action is unfair. And, as noted, Storlie's silence suggests he no longer believes his claims have merit.

Another alternative is to dismiss the action without prejudice. But this option would create a perverse incentive for § 2255 movants to file and abandon claims. They could make their claims, review the response, and, if the response seemed too strong, simply abandon the motion, thereby preserving their ability to file again should new law or new facts give rise to a new claim. *See, e.g.*, *Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997); 28 U.S.C. § 2255(f)(3), (4). As this course of action would tend to nullify Congress' stringent restrictions on second or successive § 2255 motions, *see* 28 U.S.C. § 2255(h), dismissal with prejudice is the more appropriate option.

### 5. Disposition on Merits

Finally, public policy favors the disposition of cases on their merits. *See Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). This factor always weighs against dismissal.

### 6. Conclusion

Dismissal of a § 2255 motion may have serious consequences. *See, e.g.*, 28 U.S.C. § 2255(f)(1), (h). Nonetheless, while the policy in favor of disposition on the merits weighs against dismissal under Rule 41(b), the public's interest in expeditious resolution of litigation, the Court's interest in managing its own docket, prejudice to the United States, and the lack of meaningful alternatives conclusively weigh in favor of dismissal.

### III.  Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules Governing § 2255 Proceedings.  A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (quoting *Slack*, 529 U.S. at 484).

Even if Storlie made a showing with some substance to it that he was deprived of a constitutional right, he has not filed anything in this matter since his notice of change of address on September 3, 2019 (Doc. 270).  The Court cannot proceed without his participation.  Reasonable jurists would not disagree with this conclusion.  A certificate of appealability is not warranted.

Accordingly, IT IS ORDERED:

1.  Storlie's motion to vacate, set aside, or correct the sentence under 28

U.S.C. § 2255 (Doc. 256) is DISMISSED WITH PREJUDICE for failure to prosecute under Fed. R. Civ. P. 41(b).

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Storlie files a Notice of Appeal.

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 19-06-H-DLC are terminated and shall close the civil file by entering a judgment in favor of the United States and against Storlie.

DATED this 22nd day of July, 2020.

_____
Dana L. Christensen, District Judge
United States District Court